**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| JAMES M. HUGHES,<br><br>*Plaintiff*,<br>v.<br><br>DRAFTKINGS INC., et al.,<br><br>*Defendants*. | Case No.: 2:26-cv-03838-RMG |

**DEFENDANT JUMP TRADING, LLC'S ANSWERS TO RULE 26.01 INTERROGATORIES**

Pursuant to Rule 26.01 of the Local Civil Rules of the United States District Court for the District of South Carolina, the following answers to interrogatories are submitted by Defendant Jump Trading, LLC ("Jump"). The following information is provided based on Jump's current knowledge and understanding.

(A) State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**ANSWER: Jump is not aware of any such persons or legal entities.**

(B) As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER: Jump does not believe that any claim in the complaint should be tried to a jury. Plaintiff's claim is subject to terms and conditions that contain an arbitration agreement and a jury-trial waiver.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER: Jump is not a publicly owned company and separately identifies (1) that, as an LLC, it has members but no stock-owning parent or other corporation; (2) that it is not the parent of any publicly owned company; and (3) that it does not own 10% or more of the outstanding shares of any publicly owned company.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).

**ANSWER: Venue is proper in the Charleston Division because the action was filed in the Court of Common Pleas for Charleston County, South Carolina, before it was removed.**

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER: *S.C. Gambling Recovery LLC v. Kalshi Inc. et al.*, No. 8:25-cv-12859-SAC is currently pending in this District. That action involves a different plaintiff's attempt to recover alleged gambling losses of unidentified South Carolinians related to sports-related event contracts pursuant to S.C. Code Ann. § 32-1-20 from a different set of defendants. The case is currently stayed. *S.C. Gambling Recovery LLC v. Underdog Sports Holdings, Inc. et al.*, No. 8:26-cv-02182-SAC is currently pending in this District. That action also involves a different plaintiff's attempt to recover alleged gambling losses of unidentified South Carolinians pursuant to S.C. Code Ann. § 32-1-20 from a different set of defendants. In that action, the defendants' motions to compel arbitration and/or dismiss and the plaintiff's motion to remand are currently pending.**

(F) If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER: Jump's name has been properly identified in the caption, although Jump denies any liability to Plaintiff.**

(G) If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER: Jump is not currently aware of such person or legal entity but reserves the right to amend this response.**

(H) In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER: Jump is a limited liability company that, for diversity jurisdiction purposes, is a citizen of all jurisdictions in which its members and the members of all limited liability companies above it in its chain of ownership are citizens, without regard to whether such members have voting rights, the ability to control, and the extent of their ownership interests. Accordingly, it is considered a citizen of Illinois, New Jersey, New York, Wisconsin, China, France, Russia, Singapore, and the United Kingdom.**

Dated: September 16, 2026

Respectfully submitted,

s/ Jack G. Gresh
Jack G. Gresh (Fed. Bar No. 10559)
jack@dhs-lawfirm.com
DODDS, HENNESSY & STITH, LLC
1012 eWall St., Suite A
Mount Pleasant, SC 29464
(843) 881-1022

A. Jeff Ifrah (*pro hac vice* forthcoming)
Kim Conroy (*pro hac vice* forthcoming)
John Mikuta (*pro hac vice* forthcoming)
jeff@ifrahlaw.com

kconroy@ifrahlaw.com
jmikuta@ifrahlaw.com
IFRAH PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, D.C. 20006
(202) 524-4140

*Counsel for Defendant Jump Trading, LLC.*