**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CASE NO.: 2:26-cv-03838-RMG**

JAMES M. HUGHES,

*Plaintiff*,

v.

DRAFTKINGS INC.; GUS III LLC (D/B/A DRAFTKINGS PREDICTIONS, F/K/A GUS III INC.); RAILBIRD EXCHANGE, LLC (D/B/A DKEX); BLOCKRATIZE, INC.; QCL QUAD CODE USA CORP.; QCX LLC (D/B/A POLYMARKET US); QC CLEARING LLC (D/B/A POLYMARKET CLEARING); CHICAGO MERCANTILE EXCHANGE INC.; NORTH AMERICAN DERIVATIVES EXCHANGE, INC. (D/B/A CRYPTO.COM DERIVATIVES NORTH AMERICA); BITNOMIAL CLEARINGHOUSE, LLC; WINTERMUTE TRADING LTD.; JUMP TRADING LLC; DRW HOLDINGS LLC; IMC-CHICAGO, LLC; GALAXY DIGITAL TRADING, LLC; VIRTU FINANCIAL INC.; and JOHN DOES 1-10,

*Defendants*.

**DRAFTKING ENTITIES' CONSENT MOTION FOR CLARIFICATION**

Defendants DraftKings Inc., Railbird Exchange, LLC (d/b/a DKeX) ("DKeX"), and GUS III LLC (d/b/a DraftKings Predictions) (collectively, the "DraftKings Entities"), by and through their attorneys, respectfully move this Court, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure and the Court's inherent authority, for clarification of the Court's September 28, 2026 Text Order granting in part and denying in part Plaintiff's Consent Motion for Extension of Time (ECF 15) (the "Motion for Extension").

In the Motion for Extension, Defendants requested, with Plaintiff's consent, that the Court extend the deadline for Defendants to respond to the Complaint until 30 days after the Court rules on the Plaintiff's forthcoming motion to remand. ECF No. 15 at 2-3. As indicated in the Motion for Extension, Plaintiff does not oppose this request. In the Court's September 28, 2026 Text Order, the Court did not address this portion of the Motion for Extension.

The DraftKings Entities respectfully request that the Court extend Defendants' deadlines to respond to the Complaint until after the Court rules on the Plaintiff's forthcoming motion to remand. *See, e.g.*, *Ross Dev. Corp. v. Fireman's Fund Ins. Co.,* 809 F. Supp. 2d 449, 459 (D.S.C. 2011) ("This case was stayed soon after it was removed to federal court pending the court's ruling on a motion to remand."); *Pointe James Prop. Owners Ass'n, Inc. v. Arch Specialty Ins. Co.,* 2010 WL 2595193, at *1 (D.S.C. June 23, 2010) ("the court entered an order staying the case pending the resolution of the Plaintiff's motion to remand").

Doing so would promote case efficiency and preserve party and judicial resources. The Court's ruling on a remand motion will decide whether this Court or the state court will decide a motion to dismiss. Proceeding with merits briefing before a decision on remand would result in the application of federal procedural rules, including, but not limited to, Federal Rules of Civil Procedure 8 and 12(b). But, if the case is remanded, state procedural rules would apply, potentially resulting in an unnecessary duplication of effort if the parties need to brief motions to dismiss twice under differing pleading standards. Deferring merits briefing until remand is decided imposes no prejudice on any party. *See S.C. CVS Pharmacy, LLC v. SCP 2001A-CSF-75 LLC*, No. 2:24-525-JDA-SVH, ECF No. 227, at 5 (D.S.C. Sept. 2, 2026) (granting motion to stay and considering "the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party" (citation omitted)).

Thus, the Court should clarify its Text Order and extend Defendants' deadlines to respond to the Complaint until 30 days after the Court rules on Plaintiff's forthcoming motion to remand.

In the alternative, the DraftKings Entities respectfully request that the Court clarify its Order to extend the deadline for all Defendants to respond to the Complaint until October 26, such that the briefing schedules on any dispositive motions filed by Defendants will be aligned. Currently, Defendants have different deadlines to respond to the Complaint, and setting a single deadline for Defendants' responsive pleadings will assist in conserving party and judicial resources and avoid piecemeal and overlapping deadlines on motions to dismiss.

Prior to filing this Motion, counsel for the DraftKings Entities conferred with Plaintiff's counsel, who consented to the relief requested in this motion.

Dated: September 29, 2026

Respectfully submitted,

Timothy P. Crudo*
Charmaine G. Yu*
Marcia V. Valente*
Rachel R. Suhr*
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104
Telephone: (415) 391-4800
tcrudo@coblentzlaw.com
cyu@coblentzlaw.com
mvalente@coblentzlaw.com
rsuhr@coblentzlaw.com

*/s/ J. Rutledge Young, III*
J. Rutledge Young, III (Federal Bar No. 7260)
C. Wilson Daniel (Federal Bar No. 13579)
DUFFY & YOUNG, LLC
96 Broad Street
Charleston, South Carolina 29401
Telephone: (843) 720-2044
Fax: (843) 720-2047
ryoung@duffyandyoung.com
wdaniel@duffyandyoung.com

Orin Snyder*
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
osnyder@gibsondunn.com

Jacob T. Spencer*
Adam I. Steene*
Abby H. Walters*
GIBSON DUNN & CRUTCHER LLP
1700 M Street, N.W.

Washington, D.C. 20036
Telephone: (202) 955-8500
jspencer@gibsondunn.com
asteene@gibsondunn.com
ahwalters@gibsondunn.com

**Applications for pro hac vice admission forthcoming*

*Attorneys for Defendants DraftKings Inc.; GUS III LLC; and Railbird Exchange, LLC*